NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

11-620

JOSEPH DEVIN RICHARD, JR. AND
SHELIA RICHARD
VERSUS
BRAD MARTIN COMEAUX, SR.

\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
TWENTY-SEVENTH JUDICIAL DISTRICT COURT
PARISH OF ST. LANDRY, NO. 10-C-2640-B
HONORABLE ELLIS J. DAIGLE, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

ELIZABETH A. PICKETT
JUDGE

\*\*\*\*\*\*\*\*\*\*

Court composed of Elizabeth A. Pickett, Shannon J. Gremillion, and Phyllis M. Keaty, Judges.

APPEAL DISMISSED.

W. Glenn Soileau
Soileau Law Offices
Post Office Box 344
Breaux Bridge, LA 70517
(337) 332-4561
COUNSEL FOR DEFENDANT/APPELLANT:
        Brad Martin Comeaux, Sr.

Marcus A. Allen
Law Offices of Marcus A. Allen, PLC
631 E. Simcoe Street
Lafayette, LA 70501
(337) 289-1762
COUNSEL FOR PLAINTIFFS/APPELLEES:
        Joseph Devin Richard, Jr.
        Shelia Richard

PICKETT, Judge.

This court issued, *sua sponte*, a rule ordering the Defendant-Appellant, Brad Martin Comeaux, Sr., to show cause, by brief only, why the appeal in this matter should not be dismissed as untimely. This court did not receive a response from Appellant. For the reasons given herein, we hereby dismiss the appeal.

This case involves a child custody dispute between Appellant and Appellees, Joseph Kevin Richard, Jr. and Shelia Richard. Appellees are the maternal grandparents of four minor children which were born out of the marriage between Appellees' daughter, Sheena Thomas Comeaux, who passed away on April 15, 2010, and Appellant. On January 31, 2011, the trial court signed a judgment awarding sole custody of the children to Appellees and granting visitation privileges to Appellant. The notice of judgment was mailed on January 31, 2011. Appellant fax-filed a motion for appeal on March 23, 2011, and he followed up with a hard copy filing of the motion on March 25, 2011. The trial court signed the order of appeal on March 25, 2011, and the appeal record was lodged in this court on May 18, 2011.

Louisiana Code of Civil Procedure Article 3943 provides, in pertinent part, that "[a]n appeal from a judgment awarding custody, visitation, or support of a person can be taken only within the delay provided in Article 3942." Louisiana Code of Civil Procedure Article 3942,which governs appeals in certain domestic maters, sets forth a thirty-day appeal delay that commences to run on whichever date is applicable under La.Code Civ.P. art. 2087(A). Pursuant to La.Code Civ.P. art. 2087(A), if no application for new trial is filed, the appeal delay commences to run after the expiration of the delay for filing a motion for new trial. Louisiana Code of Civil Procedure Article 1974 provides that "[t]he delay for applying for a new trial shall be seven days, exclusive of legal holidays. The delay for applying for a new trial

commences to run on the day after the clerk has mailed, or the sheriff has served, the notice of judgment as required by Article 1913."

In the instant case, the custody judgment sought to be appealed was signed on January 31, 2011, and the notice of judgment was mailed on that same date. Although the Appellant had until February 9, 2011 to apply for a new trial, he did not do so. Thus, the thirty-day delay for appealing the judgment at issue expired on March 11, 2011. As such, we find that the motion for appeal, which Appellant filed on March 23, 2011, was untimely. Therefore, we hereby dismiss this appeal as untimely.

After this court issued its rule to show cause in this matter, the appellees filed a motion to dismiss this appeal for the reasons expressed in this court's rule. Having ordered the dismissal of this appeal on this court's own motion, the appellees motion is now moot.

**APPEAL DISMISSED.**

THIS OPINION IS NOT DESIGNATED FOR PUBLICATION.
Rule 2-16.3 Uniform Rules, Court of Appeal.